GREGORY, Circuit Judge,
concurring in the judgment:
I concur in the result reached by the majority, as it is the outcome militated by our precedent. I write separately, however, to lament on how formalistic and hollow our review of district court sentencing has become. While I recognize that the district court remains in the best position “ ‘to decide the issue in question,’ ” Koon v. United States, 518 U.S. 81, 98-99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (quoting Pierce v. Underwood, 487 U.S. 552, 559-560, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)), this discretion is not without limits, and must be curbed to achieve the time-honored objectives of fair and consistent sentencing. See United States v. Booker, 543 U.S. 220, 263-264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (noting that, despite tension with the need to address individual circumstances, substantive review aims to “avoid excessive sentencing disparities” and “iron out sentencing differences”).
As I cautioned in United States v. Evans, 526 F.3d 155, 167 (4th Cir.2008) (Gregory, J., concurring), “the words ‘abuse of discretion’ cannot be a legal incantation invoked by appellate courts to dispel meaningful substantive review of a district court’s sentence.” Yet, as recited by the majority, to depart from the guidelines, district court judges “need only ‘set forth enough to satisfy the appellate court that it has considered the parties’ arguments and has a reasoned basis’ for its decision.” Ante at 241 (citing United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir.2011)) (emphasis added). Thus, district court judges can render our review moot by simply providing a formulaic recitation of the 18 U.S.C. § 3553(a) factors, as well as reasons for their departure— even if, for good reason, we explicitly disagree with them. With that said, I agree that Blakeney’s remarkable criminal history justifies the district court judge’s decision to depart in the instant case; however, such an extensive departure from both the sentencing guidelines and the government’s recommendation should not go unobserved.
*245 ■ In the ease at hand, the district court sentenced Blakeney to ten years’ imprisonment — despite the Government’s request for only five years (which was already fourteen months in excess of the sentencing range’s maximum). Arguably, the district court’s reasoning could be extended to justify any sentence up to the statutory maximum of twenty years. Such uncertainty flies in the face of avoiding sentencing disparities and the general proposition of fairness. As candidly indicated by Blakeney’s counsel during oral argument, uncertainty undermines an attorney’s role as advocate, as it encumbers the ability to adequately prepare clients for sentencing, putting the attorney at risk of claims for ineffective assistance of counsel.
Overall, we cannot lose sight that appellate review of sentencing is becoming “a mere formality, used by busy appellate judges only to ensure that busy district judges say all the right things when they explain how they have exercised” their discretion. Booker, 543 U.S. at 313, 125 S.Ct. 738 (Scalia, J., dissenting). Going forward, district courts must be wary of departure, ensuring that non-guideline sentences are “sufficient, but not greater than necessary” to satisfy the purposes of § 3553(a)(2). In the same vein, our review must be given teeth to ensure that the discretion of district court judges — which is not absolute — remains subject to meaningful appellate review.